[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17586
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20373-JAL-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SKIDE FELIX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 10, 2017)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Skide Felix appeals his total 61-month sentence, imposed at the low-end of the advisory guideline range, after pleading guilty to one count of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2), one count of use of unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2), and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). The district court sentenced Felix to 37 months each as to Counts 1 and 4, to be served concurrently, and 24 months as to Count 7, a mandatory consecutive sentence. On appeal, Felix argues that his sentence is substantively unreasonable. After careful consideration of the record and the parties' briefs, we affirm.

Between November 2015 and February 2016, Felix and his codefendant stole $12,026 using fraudulent credit cards and 1,127 pieces of personal identifying information and fraudulent credit-card making equipment were found in Felix's home. Felix argues that his 61-month sentence is substantively unreasonable because the district court failed to correctly weigh the 18 U.S.C. § 3553(a) factors in light of the disparity between the actual loss amount of $12,026 and the intended loss amount more than $600,000.[1] Felix also argues that the district court failed to give enough weight to his history and characteristics, including his age, lack of significant prior criminal history, lack of substantial financial gain from the crime, and his remorse.

---

[1] Per USSG § 2B1.1, comment. N.3(F)(i) each access device found carried a minimum loss amount of $500.

2

We review "the reasonableness of a sentence [imposed by the district court] under a deferential abuse of discretion standard." *United States v. Alvarado*, 808 F.3d 474, 496 (11th Cir. 2015). We "first ensure that the district court committed no significant procedural error," such as improperly calculating the guideline range or inadequately explaining the chosen sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). We then "consider the substantive reasonableness of the sentence imposed," taking into account the totality of the circumstances and the § 3553(a) factors. *Id.* The party challenging the reasonableness of the sentence "bears the burden of showing that it is unreasonable in light of the record and the § 3553(a) factors." *Alvarado*, 808 F.3d at 496.

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the applicable guideline range. 18 U.S.C. § 3553(a)(1), (3)–(4).

3

"The weight accorded to any given § 3553(a) factor is a matter within the district court's discretion and this Court will not substitute its judgment in weighing the relevant factors." *Alvarado*, 808 F.3d at 496.  Nevertheless, a district court imposes a substantively unreasonable sentence when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or" (3) commits a clear error in judgment by balancing proper factors unreasonably.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

We ordinarily expect a sentence imposed within the guideline range to be reasonable.  *Alvarado*, 808 F.3d at 496.  Additionally, a sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

We conclude that the district court did not abuse its discretion in balancing the § 3553(a) factors.  The district court explicitly considered the mitigating factors Felix presented, but found that they were outweighed by other § 3553(a) factors. The court specifically noted that the presence of an embosser machine and an encoder, combined with the seriousness of the crime and the need for deterrence justified Felix's sentence.

Additionally, Felix's sentence of 37 months for Counts 1 and 4 was at the low-end of the guideline range, the kind of sentence we ordinarily expect to be

reasonable.  *Alvarado*, 808 F.3d at 496.  Moreover, the statutory maximums for Counts 1 and 4 were five and ten years, respectively.  Felix's sentence of 37 months for Counts 1 and 4 falls well below the statutory maximum, suggesting substantive reasonableness.  *Gonzalez*, 550 F.3d at 1324.  Felix's total 61-month sentence, including the mandatory 24-month consecutive sentence for Count 7, was sufficient, but not greater than necessary to account for the purposes of the § 3553(a) factors.  We affirm.

    **AFFIRMED.**